PITTMAN, Judge,
dissenting.
We have been instructed by the Alabama Supreme Court that, in considering an appeal in a termination-of-parental-rights case, we are to “apply a presumption of correctness” to a determination regarding the viability of an alternative to termination. Ex parte State Dep’t of Human Res., 834 So.2d 117, 122 (Ala.2002). Under a consent judgment, R.C. v. Nachman, 969 F.Supp. 682, 702 (M.D.Ala.1997), aff'd, 145 F.3d 363 (11th Cir.1998), DHR has the affirmative duty to facilitate family reunification whenever that goal is possible. The juvenile court has determined in this case that such reunification, contrary to DHR’s contentions, is possible if all parties heed the juvenile court’s injunction to “work together for the good of the ... child.” The evidence adduced in the juvenile court concerning the father and the paternal grandmother and their current circumstances, although certainly not all favorable to their interests, is not so overwhelming as to require a conclusion that the juvenile court acted outside its discretion in concluding that DHR had not adduced the clear and convincing evidence necessary to negate the prospect that the paternal grandmother may serve as a viable alternative to termination until a time when the father may ultimately rise above his current deficiencies. I therefore dissent from the reversal.
MOORE, J., concurs.